IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANK OF MONTREAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SF WEEKLY, LP and BAY GUARDIAN ) <br> COMPANY, INC., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 10-226-GMS-LPS |

## MEMORANDUM ORDER

Pending before the court are Magistrate Judge Stark's Report and Recommendation, dated April 13, 2010, and Bay Guardian Company, Inc.'s ("Bay Guardian") Objections to the Report and Recommendation. For the reasons discussed, the court will overrule Bay Guardian's objections, and adopt the report and recommendation (D.I. 35) of the magistrate judge, which recommends that the court: (1) grant the Bank of Montreal's ("BMO") motion to remand (D.I. 3), but deny BMO's request for attorney's fees and costs; (2) deny Bay Guardian's motion to dissolve the temporary restraining order (the "TRO") (D.I. 26); and (3) deny BMO's motion to enforce the temporary restraining order (D.I. 27).

II. THE PARTIES' CONTENTIONS

With respect to the April 13, 2010 report and recommendation (D.I. 35), Bay Guardian contends that Magistrate Judge Stark erred in recommending that the court grant BMO's motion to remand, and that he incorrectly concluded that the TRO should remain intact. Specifically, Bay Guardian contends that the magistrate judge erred, because Bay Guardian does not assert fraudulent joinder but, rather, maintains that SF Weekly, LP ("Weekly") is not properly aligned

as a defendant for jurisdictional purposes. Bay Guardian notes that while the magistrate judge correctly assigned a high burden of proof in the case of fraudulent joinder, proper alignment is fundamental and does not require that Bay Guardian satisfy a stringent standard. Bay Guardian asserts that Weekly, a Delaware limited partnership, is not in dispute with BMO because Weekly does not contest BMO's claim to its advertising revenue. As a result, Bay Guardian further claims that the court should align BMO and Weekly as plaintiffs in this action.

With respect to the TRO, Bay Guardian contends that Magistrate Judge Stark erred in determining that Rule 65(b) of the Federal Rules of Civil Procedure applies only to *ex parte* TROs. Bay Guardian maintains that Rule 65(b) requires all TROs to expire fourteen days after their issue unless extended, and to claim otherwise would effectively transform a TRO into a preliminary injunction.

In response to Bay Guardian's contentions regarding the April 13, 2010 report and recommendation, BMO and Weekly jointly assert the magistrate judge correctly concluded that: (1) Bay Guardian failed to meet the weighty burden of proving that Weekly was fraudulently joined so the case must be remanded; and (2) Rule 65(b) is properly applied only to *ex parte* TROs, suggesting the TRO should not be dissolved. Thus, BMO and Weekly claim that the magistrate judge's recommendations to grant BMO's motion to remand and to deny Bay Guardian's motion to dissolve the TRO are correct.

More specifically, in response to Bay Guardian's contentions regarding the proper alignment of parties, BMO and Weekly assert that the magistrate judge properly found that Weekly's status as a Delaware limited partnership destroys diversity, mandating that the case be remanded to the Delaware Court of Chancery. BMO and Weekly contend that fraudulent joinder is the proper test for evaluating the basis of diversity jurisdiction in removed cases. BMO and

Weekly further contend that 28 U.S.C. § 1441 does not support diversity jurisdiction because Weekly is incorporated in Delaware. While BMO and Weekly acknowledge that re-alignment is proper in cases that originate in federal court, BMO and Weekly argue that courts apply the fraudulent joinder analysis to motions to remand where, as is the case here, the case originated in and was removed from state court. BMO and Weekly claim that to maintain otherwise would place a weighty burden on the overworked federal court system. Alternatively, BMO and Weekly argue that, should the court apply an alignment analysis instead of a fraudulent joinder analysis, BMO and Weekly are at odds and, therefore, are properly aligned.

With respect to the TRO, BMO and Weekly assert that the magistrate judge correctly determined the TRO should remain intact. BMO contends that, under 28 U.S.C. § 1450, the TRO remains in effect until dissolved or modified by the district court, with a fourteen day expiration date applying only to *ex parte* TROs. BMO maintains that the TRO should remain in effect until the hearing for preliminary injunction is held, because Bay Guardian received the proper notice contemplated by Rule 65(b) and participated in the Court of Chancery hearing establishing the TRO.

### III. STANDARD OF REVIEW

The pending motions are case dispositive. Therefore, the court conducts a *de novo* review of the report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

## IV. DISCUSSION

After having reviewed the record in this case, the April 13, 2010 Report and Recommendation, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching his conclusions. More particularly, the magistrate judge correctly determined that the court should grant BMO's motion to remand. Indeed, *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) requires that the court hold Bay Guardian to an elevated burden of proof, because there is a strong presumption against removal, with claims being remanded if there is even a possibility that joinder was proper. While Bay Guardian cites case law in an attempt to demonstrate that the parties should be realigned, its argument fails because: 1) under *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), courts apply a fraudulent joinder analysis in cases that originate in state courts, while courts look at proper alignment in cases that originate in federal court; and 2) even under Bay Guardian's realignment analysis, BMO has a plausible interest in joining Weekly, because there is some possibility that BMO will recover money owed by Weekly pursuant to BMO's rights as a lender. That is, BMO and Weekly have competing interests in the lawsuit.

The magistrate judge also correctly determined that the TRO should remain intact. As the magistrate judge pointed out, Rule 65(b)(2) exclusively applies to *ex parte* TROs where the party against whom the TRO is enforced does not receive sufficient notice that the order has been put in place.[1] In addition, the court finds no error in the magistrate judge's interpretation of *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 451 (1974). That is, the court finds that *Granny Goose* and its progeny apply only to *ex parte* TROs. In the

---

[1] Federal Rule of Civil Procedure 65(b)(2) reads, "Every temporary restraining order issued *without notice* . . . expires at the time after entry — not to exceed 14 days — that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. . . ."

4

present case, Bay Guardian has failed to demonstrate that it lacked sufficient notice for the TRO to fall under purview of Rule 65(b). Thus, 28 U.S.C. § 1450 governs and the TRO will remain in place until the Delaware Court of Chancery rules on the motion for a preliminary injunction. Accordingly, the court fully adopts the rational set forth by Magistrate Judge Stark in his April 13, 2010 report and recommendation, and will overrule Bay Guardian's objections.[2]

Therefore, IT IS HEREBY ORDERED that:

1. Bay Guardian's Objections to the Report and Recommendation (D.I. 42) are OVERRULED.

2. The Report and Recommendation, Dated April 13, 2010 (D.I. 35) is ADOPTED.

5. The Clerk of Court is directed to transfer this action to the Delaware Court of Chancery.

Dated: June 7, 2010

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] Further, the court denies BMO's renewed request for attorney fees, because it agrees with Magistrate Judge Stark that Bay Guardian had an objectively reasonable basis for its argument for removal.